**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**JEFFREY JACKSON, A PRIVATE LIVING MAN, SUI JURIS, DOMICILED UPON THE LAND WITHIN PANOLA COUNTY, MISSISSIPPI, REPUBLIC** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 3:25-CV-324-DMB-JMV**

**STATE OF MISSISSIPPI, et. al.** **DEFENDANTS**

**ORDER DENYING AS MOOT MOTION FOR ENTRY OF DEFAULT**

This matter is before the Court upon the motion of Plaintiff seeking entry of default against Defendants Panola County, Mississippi and Shane Phelps [Doc. 109]. For the reasons below, the instant motion is due to be denied as moot.

Federal Rule of Civil Procedure 55(a) provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

Here, entry of default pursuant to Fed. R. Civ. P. 55(a) is improper. On June 30, 2026, Defendants Panola County and Sheriff Shane Phelps filed a motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure [Doc. 92]. That motion remains pending before Chief District Judge Debra M. Brown.

The undersigned finds *Lee v. OfferUp, Inc.*, No. CV 17-1609, 2018 WL 4283371, at *1 (E.D. La. Sept. 7, 2018), to be persuasive in this instance. In *Lee*, the Court terminated as moot a motion for entry of default after the defendant filed a motion to dismiss pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for lack of personal jurisdiction,

insufficient process and insufficient service of process. *Id.* The law is clear that the serving party carries the burden of showing service was proper if challenged. *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). Federal district courts lack personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See Cassidy As Next Friend Cassidy v. United States,* No. SA-22-CV-00652-XR, 2023 WL 4054630, at *2–3 (W.D. Tex. June 15, 2023), citing *Johnson v. Wormuth*, No. 1:21-CV-00831-LY, 2022 WL 2873479 (W.D. Tex. July 21, 2022). A defendant targeted for default must have been served with legal process under Rule 4 in order to be held accountable for failing to answer the complaint. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). Absent proper service of process, the Court lacks jurisdiction over the defendant. *Id.*

Because Defendants Panola County and Sheriff Shane Phelps have challenged the sufficiency of service of process and that motion remains pending, the request for entry of default against them shall be and is hereby DENIED AS MOOT.[1]

**SO ORDERED,** this the 25th day of August, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[1] To the extent the instant motion also requests to "Strike Untimely Answers" of Panola County and Sheriff Shane Phelps, the undersigned declines to rule on such relief because the relief is also requested in a simultaneously filed motion that remains pending before the Chief District Judge. *See* [Doc. 108] Motion to Strike Untimely Answers. However, without ruling on the same, the undersigned notes that neither Panola County nor Sheriff Shane Phelps have filed an answer to the pro se Plaintiff's third amended complaint. Instead, the parties have filed a motion to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) [Doc. 92], as detailed herein.