**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**JEFFREY JACKSON, A PRIVATE LIVING MAN, SUI JURIS, DOMICILED UPON THE LAND WITHIN PANOLA COUNTY, MISSISSIPPI, REPUBLIC** — **PLAINTIFF**

**v.** — **CIVIL ACTION NO. 3:25-cv-324-DMB-JMV**

**STATE OF MISSISSIPPI, ET AL.** — **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE**

This matter is before the Court on *pro se* Plaintiff Jeffrey Jackson's Motion for Judicial Notice [Doc. 122]. For the reasons set forth below, the Court finds that Plaintiff's request is not well taken and is therefore denied.

Plaintiff's Third Amended Complaint [Doc. 70] is the operative complaint in this matter. There, Plaintiff brought numerous claims against over a dozen Defendants regarding an alleged unlawful traffic stop, excessive force, unlawful arrest, failure to provide Miranda warnings, warrantless search, unlawful towing, fabrication of firearm allegations, unlawful detention, denial of counsel, isolation, medical neglect, suppression of identification and DOT credentials, obstruction by state officials, attorney misconduct, misconduct by a towing company, defamation, false reporting, failure to retract, and ratification of misconduct. [Doc. 70].

Plaintiff filed both his Notice of Retaliation [Doc. 121] and Motion for Judicial Notice [Doc. 122] on the same day, alleging that Panola County officials had retaliated against him based on "Plaintiff's ongoing exercise of constitutionally protected petitioning activity in this federal civil rights action." Plaintiff's Notice of Retaliation consists of seventy (70) pages of arguments, affidavits, emails, police reports, warrants, screenshots, medical records, receipts, and state court filings. [Doc. 121]. In his filing, Plaintiff specifically states that he filed the Notice to "notify[] the

Court of material events affecting Plaintiff's safety, liberty, and ability to litigate this matter. *It does not seek new relief, does not amend the Complaint, and does not assert additional claims.*" [Doc. 121] (emphasis added).

In his Motion for Judicial Notice, Plaintiff requests that the Court take judicial notice under Federal Rule of Evidence 201(b) of "[t]he Court's [o]wn [d]ocket in [t]his [c]ase[;] . . . [t]he [e]xistence of [c]ase [n]umber 0265393 [a]s reflected in official Panola County records[;] . . . [t]he warrant presented to Plaintiff on August 24, 2026 bearing an incorrect case number[;] . . . [t]he $1,120.00 cash bond receipt and bond agreement issued by Panola County on August 24, 2026[;] . . . [a] court document reflecting a change in hearing date[;] . . . [and] Plaintiff's [p]rior [f]ederal [f]ilings[.]"

Judicial notice may be taken of an adjudicative fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). "Adjudicative facts are those facts which are relevant to the disposition of the case." *Amos v. Cain*, No. 4:20-CV-7-DMB-JMV, 2020 U.S. Dist. LEXIS 211386, at *3 (N.D. Miss. Nov. 12, 2020) (citing *Usery v. Tamiami Trail Tours, Inc.*, 531 F.2d 224, 244 n.52 (5th Cir. 1976)). Further, evidence is relevant when "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.

The Fifth Circuit has repeatedly denied judicial notice when the underlying fact is not relevant. *See, e.g., Riley v. Wells Fargo Bank, N.A.*, 715 F. App'x 413, 415 (5th Cir. 2018) (denying motion for judicial notice where the documents were irrelevant to the issues before the court); *Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130 n.4 (5th Cir. 2015) (denying motion for

judicial notice where the fact was not relevant to the issues before the court). Finally, a court is only required to take judicial notice "if a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(c)(2); *see also Murry v. City of Indianola*, No. 4:23-CV-97-DMB-DAS, 2024 U.S. Dist. LEXIS 186614, at *18 (N.D. Miss. July 19, 2024).

Turning to Plaintiff's requests for judicial notice, in requests one and six, Plaintiff asks the Court to take judicial notice of the docket in this case, specifically, "Plaintiff's filings dated January 5, 2024; Plaintiff's filings dated February 1-2, 2024; [a]ll docket entries reflecting Plaintiff's protected petitioning activity" as well as "Plaintiff's [p]rior [f]ederal [f]ilings." [Doc. 122]. Notably, there are no filings from the specified dates since this case was not initiated until November *2025*. Further, a blanket request to take judicial notice of unspecified docket entries is improper and asks the Court to pick out the best supporting documents for Plaintiff. The Court will not "sort[] out one type of claim from the other, and in effect act[] as counsel for the pro se litigant in tailoring his claims." *Hernandez v. Spencer*, 780 F.2d 504, 506 (5th Cir. 1986). Further, as the Court previously told Plaintiff, "once a document is filed on the docket, it is part of the case record, whether or not it remains a matter to be adjudicated by the Court." [Doc. 99]. Accordingly, the Court does not find requests 1 and 6 to be well taken.

All remaining matters on which Plaintiff requests judicial notice are not relevant to the claims before the Court. The present case involves events from 2024 with an alleged unlawful traffic stop, excessive force, unlawful arrest, failure to provide Miranda warnings, warrantless search, unlawful towing, fabrication of firearm allegations, unlawful detention, denial of counsel, isolation, medical neglect, suppression of identification and DOT credentials, obstruction by state officials, attorney misconduct, misconduct by a towing company, defamation, false reporting, failure to retract, and ratification of misconduct. [Doc. 70]. However, the matters on which Plaintiff

requests judicial notice pertain to a completely separate incident, Plaintiff's August 24, 2026 arrest inside the Panola County Sherrif's Department. [Doc. 121]. Plaintiff argues that "[t]he timing, circumstances, and nature of the arrest demonstrate a direct retaliatory response to Plaintiff's protected activity in this litigation." *Id.* Even if the Court found that to be true, Plaintiff has not brought claims in this action based on those events, and he specifically stated he does not presently "seek new relief, . . . amend the Complaint, [nor] . . . assert additional claims." *Id.* Therefore, none of the remaining matters from 2026 on which Plaintiff seeks judicial notice are of consequence to the claims before the Court in Plaintiff's Third Amended Complaint which relate to incidents from 2024.

Accordingly, Plaintiff's Motion for Judicial Notice [Doc. 122] is hereby **DENIED**.

**SO ORDERED** this, the 5th day of October, 2026.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**